## A. Johns *v.* A. A. Cassady.

**Evidence—Rejection of Proposed Evidence—Statement.**
Where a party offers to prove a fact, which the court holds to be incompetent, he should make a statement as to what the evidence would be on that point and incorporate it in the bill of exceptions.

### APPEAL FROM HART CIRCUIT COURT.

April 19, 1872.

Opinion of the Court by Judge Peters:

If Cassady purchased the cattle for Huber, it would have been competent for appellant to prove the statements of Huber in relation to the contract. But appellant failed to disclose what Compton would prove in relation to the statements made by Huber, and this court cannot tell unless appellant had announced to the court what the conversation was which he would prove by the witness, and the same had been incorporated in the bill of exceptions, that it would have been material for appellant, and as it does not appear that appellant was prejudiced by the ruling of the court, it cannot be a cause of reversal.

It is alleged in the petition that appellee purchased the cattle at $3 per hundred to be paid on delivery, and that appellant failed to deliver the cattle at the time and place of delivery, and that the cattle were worth $3.50 per hundred; which, by any fair or reasonable interpretation, means that they were at the time and place of delivery worth $3.50 per hundred.

It was not made the duty of appellee either by the terms of the contract, or by the law, for him to make the necessary preparation to weigh the cattle.

There is nothing in the objection that Cassady did not sign the contract. Johns was the vendor, and by his writing was bound to deliver or to tender the cattle, and if Cassady had failed to attend to receive them, and he had thereby suffered loss, the law afforded him ample remedy.

As to the price of the cattle, Rowtill proves they had advanced in the neighborhood from ½ to ¾ per cent. per pound, and he told appellant that they had so advanced, and he admitted it.

It is deemed unnecessary to enter upon a discussion of the

competency of the evidence relating to the agreement on the part of appellant to accept the appellee's check on the bank in payment for the cattle, as the evidence was not objected to, but was permitted to go to the jury without exception.

And perceiving no error in refusing instructions as asked by appellant, and in modifying those given, the judgment must be *affirmed.*

*Brown & Murray, for appellant.*

*H. C. Marlin, Wm. Beard, for appellee.*